**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**v.** **5:13-CR-443 (FJS)**

**ROBERT HENDRICKS,**

**Defendant.**

---

**APPEARANCES** **OF COUNSEL**

**OFFICE OF THE UNITED STATES ATTORNEY** **MICHAEL F. PERRY, AUSA**
James Hanley U.S. Courthouse
and Federal Building
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for the United States

**ROBERT HENDRICKS**
**Inmate Number 21222-052**
Phoenix Federal Correctional
Institution
Inmate Mail/Parcels
37910 North 45th Avenue
Phoenix, Arizona 85086
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Pending before the Court is Defendant's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. No. 226, Supporting Memorandum. After the Government filed its opposition to his motion, *see* Dkt. No. 231, Government's Opposition, Defendant filed a letter request in which he asked the Court to consider his mental-health and substance-abuse

history in connection with his pending motion for compassionate release, *see* Dkt. No. 237, Letter Request.

## II. BACKGROUND

Following a five-day jury trial in March 2015, Defendant was convicted of one count of bank robbery, in violation of 18 U.S.C. § 2113, and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *See* Dkt. No. 231, Government's Opposition, at 1 (citing PSR ¶¶ 1-2).

The trial evidence established that Defendant and three co-conspirators stole approximately $24,400 from a credit union during an armed robbery. *See id.* (citing PSR ¶¶ 5-12). At one point, Defendant "'grabbed [a] customer by the throat and forced him into a nearby chair.'" *See id.* (quoting PSR ¶ 8). At least one of the armed robbers also repeatedly threatened to "'blow everyone away.'" *See id.* (quoting PSR ¶ 12).

The Presentence Investigation Report ("PSR") classified Defendant as a career offender under U.S.S.G. § 4B1.1, resulting in an advisory Guidelines range of 360 months' to life imprisonment. *See id.* (citing PSR ¶¶ 29-31; Dkt. 207, Second Circuit Mandate, at 8-9). On July 23, 2015, the Court sentenced Defendant "to 360 months' imprisonment, consisting of a 240-month sentence on the bank robbery count and a consecutive 120-month sentence on the § 924(c) count, to be followed by 5 years of supervised release." *See id.* at 2 (citing Dkt. No. 159 [Judgment]). The Second Circuit affirmed the judgment on July 19, 2019. *See id.* (citing Dkt. No. 207, [Second Circuit Mandate]).

Defendant filed the present motion on January 10, 2025. *See* Dkt. No. 226. On January 22, 2025, the Court ordered Defendant to file documentation showing that he had exhausted his

administrative remedies and held his motion in abeyance pending receipt of that documentation. *See* Dkt. No. 228. On February 3, 2025, Defendant filed the required submission, which included a copy of the denial of his administrative request for a reduction in his sentence. *See* Dkt. No. 229.

The administrative denial, dated January 13, 2022, noted that Defendant had been diagnosed with glaucoma, blindness in his left eye, a bone cyst, polycythemia, and depressive disorder. *See id.* at 2. The Warden, however, found that Defendant was receiving treatment consistent with evidence-based standards, his conditions were stable, his life expectancy was normal for his age, and he could independently perform activities of daily living and function in a correctional setting. *See id.*[1]

The Government does not dispute that Defendant has exhausted his administrative remedies. *See* Dkt. No. 231, Government's Opposition, at 6. It argues, however, that Defendant's motion is without merit because he has not shown extraordinary and compelling reasons warranting a reduction in his sentence and that, additionally, the 18 U.S.C. § 3553(a) factors weigh against a reduction. *See generally id.* at 6-9.

## III. DISCUSSION

### A. Defendant's position

Construed liberally, Defendant raises several grounds in support of his motion for a reduction in his sentence. First, he argues that his 360-month sentence is unusually long and

[1] Since the Warden's denial of his administrative claim, Defendant has been transferred from USP Hazelton to USP Victorville and then to USP Florence. *See* Dkt. No. 231 at 2. According to the Bureau of Prisons website, last reviewed on July 30, 2026, Defendant is currently confined at FCI Phoenix. His projected release date is June 23, 2042. *See* https://www.bop.gov/inmateloc/.

creates an unwarranted sentencing disparity. *See* Dkt. No. 226, Supporting Memorandum, at 2-4. To support this argument, he compares his sentence to sentences imposed in several unrelated prosecutions involving murder, shootings, drug trafficking, and firearms offenses. *See id.* at 2-3. According to Defendant, individuals who engaged in conduct as serious as, or more serious than, his conduct received sentences ranging from approximately 15 to 24 years. *See id.*

Second, Defendant relies on *Concepcion v. United States*, 597 U.S. 481 (2022), *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), and other authorities for the proposition that the Court may consider intervening legal developments, the length of his sentence, and all other extraordinary and compelling circumstances. *See* Dkt. No. 226, Supporting Memorandum, at 1-4. Defendant also refers generally to "nonretroactive post-sentence legal developments" but does not identify a specific change in law that would alter his statutory penalties or advisory Guidelines range. *See id.* at 2.

Third, Defendant argues that his medical condition warrants relief. He states that he is blind in one eye and contends that BOP cannot adequately care for him because of staffing and funding limitations. *See id.* at 4. In addition, in his June 2026 submission, Defendant asked the Court to consider his mental-health and substance-abuse history. *See generally* Dkt. No. 237, Letter Request.

Fourth, Defendant contends he has experienced unusually harsh prison conditions. He alleges generally that federal prisons are understaffed, unsafe, and subject to repeated lockdowns that interfere with medical care, programming, employment, visits, meals, and ordinary activities. *See* Dkt. No. 226, Supporting Memorandum, at 4-5.

Fifth, Defendant argues that he has rehabilitated himself. He expresses remorse, apologizes to the Court, the community, his victims, and his family and states that he now appreciates the wrongfulness of his conduct. *See id.* at 5.

Finally, Defendant argues that the § 3553(a) factors support his immediate release or at least a sentence reduction. He maintains that the time he has served constitutes substantial punishment, provides adequate deterrence, promotes respect for the law, and protects the public, and asserts that he no longer poses a danger to the community. *See id.* at 5-7.

**B. Government's Position**

The Government first argues that Defendant has not established extraordinary and compelling medical circumstances. *See* Dkt. No. 231, Opposition Memorandum, at 6-7. It relies on the warden's determination that Defendant's glaucoma, blindness in one eye, bone cyst, polycythemia, and depressive disorder are stable, adequately treated, and do not prevent him from performing activities of daily living or functioning in a correctional setting. *See id.* at 6-7. The Government also represents that Defendant's BOP medical records total 1,544 pages and appear broadly consistent with the warden's findings. *See id.* at 7.

The Government next argues that Defendant's sentencing comparisons do not establish an unwarranted disparity. *See id.* at 7-8. The Government notes that the defendants whom Defendant identified in support of his motion pled guilty pursuant to plea agreements, whereas Defendant "was convicted at trial" and, therefore, "did not receive any acceptance of responsibility credit, which dramatically altered his sentencing exposure and situation." *See id.* (citations omitted). The Government relies on *United States v. Fernandez*, 104 F.4th 420 (2d Cir.

2024), for the proposition that a defendant who proceeds to trial may reasonably receive a longer sentence than defendants who plead guilty, accept responsibility, or cooperate. *See id.* at 7-8.

The Government also contends that Defendant has failed to identify any change in law that would produce a gross disparity between his current sentence and the sentence he would likely receive today. *See id.* at 8. According to the Government, the same statutory penalties and career-offender Guidelines range would continue to apply. *See id.*

The Government further contends that Defendant's allegations concerning staffing, lockdowns, safety, and medical services are generalized, unsupported, and not specific to his present facility. *See* Dkt. No. 231, Government's Opposition, at 8-9. In addition, the Government maintains that Defendant's extensive medical records contradict his claim that medical services are available only in emergencies. *See id.* at 9.

Moreover, the Government disputes Defendant's claim of rehabilitation and relies on his BOP disciplinary record. *See id.* According to that record, Defendant was disciplined for striking another inmate in the head in 2024, refusing assignments seven times between 2019 and 2021, destroying property and fighting in 2019, possessing a weapon and interfering with phone monitoring in 2018, possessing an unauthorized item in 2017, possessing a substance that tested positive for amphetamines in 2016, and giving or accepting money without authorization three times in 2015. *See id.*

Finally, the Government argues that the § 3553(a) factors weigh against relief because Defendant is a violent career offender who committed an armed bank robbery, endangered employees and customers, and has continued to violate institutional rules. *See id.* at 9-10.

**C. Legal Standards**

A district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020). Section 3582(c)(1)(A), often referred to as the "compassionate release" provision, creates a limited exception. After a defendant satisfies the exhaustion requirement, a court may reduce a term of imprisonment after considering the applicable § 3553(a) factors if the court finds that extraordinary and compelling reasons warrant a reduction and that the reduction is consistent with applicable Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(1)(A).

In *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that the former version of U.S.S.G. § 1B1.13 did not constrain district courts' consideration of compassionate-release motions that defendants filed. *See id.* at 236-37. District courts could, therefore, consider the "full slate" of extraordinary and compelling reasons that a defendant raised. *See id.* at 237. *Brooker*, however, did not hold that every asserted circumstance is legally cognizable or sufficient. *See United States v. Amato*, 48 F.4th 61, 65-66 (2d Cir. 2022); *United States v. Fernandez*, 104 F.4th 420, 431 (2d Cir. 2024) (although "it is correct that district courts have the discretion 'to consider the *full slate* of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release,' 976 F.3d at 237 (emphasis added), *Brooker* did not discuss or decide the scope of that 'full slate'") (other citation omitted).

Effective November 1, 2023, the Sentencing Commission amended § 1B1.13. The amended policy statement identifies several categories of extraordinary and compelling circumstances, including certain serious medical conditions, family circumstances, abuse

suffered while in custody, other circumstances similar in gravity to the enumerated grounds, and unusually long sentences. *See* U.S.S.G. § 1B1.13(b).

A medical circumstance may qualify where, among other things, a defendant has a terminal illness, suffers from a serious physical or medical condition that substantially diminishes his ability to provide self-care in custody and from which he is not expected to recover, or requires long-term or specialized medical care that is not being provided and faces a risk of serious deterioration or death without that care. *See* U.S.S.G. § 1B1.13(b)(1).

Regarding unusually long sentences, § 1B1.13(b)(6) provides as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The Supreme Court has since held, however, that when Congress makes a sentencing amendment nonretroactive, the resulting disparity between a pre-amendment sentence and the sentence the defendant would receive today is not an extraordinary and compelling reason warranting compassionate release. *See Rutherford v. United States*, 146 S. Ct. 1320, 1335 (2026).

In addition, Defendant's reliance on *Concepcion v. United States*, 597 U.S. 481 (2022), is not dispositive. *Concepcion* concerned a sentence-modification proceeding under § 404 of the First Step Act, in which the defendant's eligibility for consideration was established and the question was what information the court could consider in exercising its discretion. *See id.* at

486, 500. *Concepcion*, however, did not eliminate § 3582(c)(1)(A)'s separate requirement that a defendant establish extraordinary and compelling reasons for compassionate release.

Furthermore, even if a defendant successfully demonstrates that extraordinary and compelling reasons favor compassionate release, the court may still deny that relief based on its review of the § 3553(a) factors. *See, e.g., United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense," "deterrence," protection of the public, and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

## D. Analysis

### *1. Extraordinary and compelling reasons*

Defendant's medical conditions do not establish extraordinary and compelling reasons on the present record. Defendant asserts that he is blind in one eye and that BOP cannot adequately care for him. *See* Dkt. No. 226, Supporting Memorandum, at 4. The warden's denial of Defendant's administrative request for compassionate release, however, tells a different story. The warden found that, although Defendant has glaucoma, blindness in his left eye, a bone cyst, polycythemia, and depressive disorder, Defendant's conditions were stable, he was receiving treatment consistent with evidence-based standards, his life expectancy was normal, and he could independently perform activities of daily living and function in a correctional setting. *See* Dkt. No. 229, Defendant's Letter, at 2.

Defendant does not identify a specific treatment BOP has denied him, describe a material deterioration since the warden's decision, or submit medical evidence showing that his conditions substantially diminish his ability to provide self-care. *See* Dkt. Nos. 226, Supporting Memorandum, and Dkt. No. 237, Defendant's Letter Request. Furthermore, in his June 2006 letter, Defendant refers generally to his mental health history and substance abuse but does not identify a current diagnosis, functional limitation, unmet treatment need, or other circumstance satisfying § 1B1.13(b)(1). *See* Dkt. No. 237, Defendant's Letter Request. Accordingly, the Court finds that Defendant's medical conditions do not constitute extraordinary and compelling reasons that would warrant granting his request for compassionate release.

Defendant's argument that he received an unusually long sentence also fails. To support this argument, he refers generally to nonretroactive legal developments but does not identify a change in law that would reduce his statutory penalties, remove his career-offender designation or, otherwise, create a gross disparity between the 360-month sentence he received and the sentence he would likely receive if he were sentenced today. *See* Dkt. No. 226, Supporting Memorandum, at 1-4. The Government represents that it likewise could not identify a relevant change that would materially reduce Defendant's sentencing exposure. *See* Dkt. No. 231, Government's Opposition, at 8.

As noted above, *Concepcion v. United States*, 597 U.S. 481 (2022), does not supply the missing basis for relief because it did not create an independent resentencing mechanism under § 3582(c)(1)(A). In addition, under *Rutherford v. United States*, 146 S. Ct. 1320 (2026), a congressionally nonretroactive sentencing change cannot itself constitute an extraordinary and compelling reason for compassionate release. *See id.* at 1335. Therefore, Defendant's reliance on § 1B1.13(b)(6) is misplaced.

Defendant's sentencing comparisons are similarly insufficient. He compares his sentence to sentences imposed in unrelated prosecutions involving defendants who pled guilty to different offenses pursuant to plea agreements. *See* Dkt. No. 226, Supporting Memorandum, at 2-3; Dkt. No. 231, Government's Opposition, at 7-8. Defendant, by contrast, proceeded to trial and therefore received no reduction for acceptance of responsibility, was convicted of armed bank robbery and a § 924(c) offense, and was classified as a career offender. *See* Dkt. No. 231, Government's Opposition, at 1-2, 7-8.

In *United States v. Fernandez*, 104 F.4th 420 (2d Cir. 2024), the Second Circuit held that a disparity between a defendant who proceeded to trial and co-defendants who pled guilty, accepted responsibility, and cooperated was not extraordinary or compelling. *See id.* at 428-29 (citation omitted). Defendant has not shown that any of the defendants, on whose sentences he relies, have comparable criminal histories, Guidelines calculations, statutory penalties, plea postures, or offense circumstances. Thus, their sentences do not establish an extraordinary or compelling disparity.

Next, Defendant's allegations concerning prison conditions are too generalized to support the relief he seeks. He asserts that all federal prisons are understaffed, unsafe, and subject to lockdowns that disrupt daily life, programming, and medical services. *See* Dkt. No. 226, Supporting Memorandum, at 4-5. He does not identify a specific condition at any of the facilities where he has been incarcerated, explain how a particular lockdown affected him differently than others similarly situated, nor does he provide evidence that his conditions of confinement are similar in gravity to the circumstances identified in § 1B1.13. *See id.* Defendant's extensive medical treatment, reflected in 1,544 pages of medical records detailing

his medical care while incarcerated, also undermines his categorical assertion that medical services are available only in emergencies. *See* Dkt. No. 231, Government's Opposition, at 7, 9.

Finally, Defendant has not demonstrated rehabilitation sufficient to contribute materially to an extraordinary-and-compelling finding. He expresses remorse and states that he has changed. *See* Dkt. No. 226, Supporting Memorandum, at 5. His BOP record, however, reflects repeated disciplinary infractions, including striking another inmate in the head in 2024, refusing assignments, fighting, destroying property, possessing a weapon, interfering with telephone monitoring, possessing an unauthorized item, possessing a substance that tested positive for amphetamines, and engaging in unauthorized financial transactions. *See* Dkt. No. 231, Government's Opposition, at 9; Dkt. No. 231-1, Defendant's Disciplinary Record. Therefore, although rehabilitation alone cannot qualify as an extraordinary and compelling reason, Defendant's rehabilitation record also substantially undermines his assertion that his conduct demonstrates sustained rehabilitation and readiness for release.

Accordingly, the Court concludes that Defendant has not established the existence of extraordinary and compelling reasons, either alone or in combination, that would warrant granting his motion for compassionate release.

### *2. Section 3553(a) Factors*

Even if the Court had concluded that Defendant had shown extraordinary and compelling reasons, the § 3553 factors would independently support denying Defendant's motion for compassionate release.

With regard to the first factor, the nature and circumstances of Defendant's offense were very serious. Defendant and three co-conspirators committed an armed robbery of a credit union

and stole approximately $24,400.00. *See* Dkt. No. 231, Government's Opposition, at 1. Defendant possessed and brandished a handgun, grabbed a customer by the throat, and forced the customer into a chair. *See id.* At least one of the co-conspirators repeatedly threatened to "blow everyone away." *See id.* These actions created an immediate and substantial risk of physical injury or death to the credit union's employees and customers.

In addition, Defendant's history and characteristics also weigh against release. He was classified as a career offender, resulting in an advisory Guidelines range of 360 months' to life imprisonment. *See id.* The Court imposed a sentence at the bottom of that range. *See id.* at 2; Dkt. No. 159, Judgment. Defendant's repeated institutional misconduct, including a 2024 incident in which he struck another inmate in the head, further undermines his assertion that he no longer presents a danger. *See* Dkt. No. 231, Government's Opposition, at 9; Dkt. No. 231-1, Defendant's Disciplinary Record.

With regard to the second § 3553(a) factor, "the need for the sentence imposed to reflect the seriousness of the offense," to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant" remains substantial. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Defendant and his co-conspirators committed an armed bank robbery that terrorized employees and customers. In addition, his sentence also included a consecutive sentence for brandishing a firearm during a crime of violence.

Defendant's institutional record does not demonstrate that the purposes of deterrence and public protection have been fully achieved. Defendant's repeated infractions, including violent and weapons-related misconduct, have occurred throughout his incarceration and have occurred as recently as 2024. *See* Dkt. No. 231, Government's Opposition, at 9; Dkt. No. 231-1,

Defendant's Disciplinary Record. Such incidents distinguish this case from those involving sustained compliance with the rules and regulations governing his incarceration and an unblemished rehabilitative record.

Finally, § 3553(a)(6), "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct" does not require a different result. The unrelated defendants Defendant identified in his motion pled guilty to different offenses pursuant to plea agreements. *See* Dkt. No. 226, Supporting Memorandum, at 2-3; Dkt. No. 231, Government's Opposition, at 7-8. Defendant, on the other hand, proceeded to trial, received no reduction for acceptance of responsibility, was convicted of a § 924(c) offense requiring a consecutive sentence, and qualified as a career offender. *See* Dkt. No. 231, Government's Opposition, at 1-2, 7-8. The record, therefore, does not establish an unwarranted disparity among defendants with similar records who were convicted of similar conduct.

In sum, the Court concludes that the applicable § 3553(a) factors weigh heavily against granting Defendant's motion for compassionate release.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for compassionate release, *see* Dkt. No. 226, as supplemented by Defendant's Letter Request, *see* Dkt. No. 237, is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 18, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge